UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

BENJAMIN GODFREY CHIPPS, SR.,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

## COMPLAINT

The Plaintiff, Benjamin Godfrey Chipps, Sr., by and through his attorney, Phil C. Pearson, of Phil C. Pearson, MD, JD, for his Complaint against the United States of America, states as follows:

### I. JURISDICTION AND VENUE

1. The United States District Court has exclusive jurisdiction over these claims pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671 through 2680, in that this is an action for money damages for personal injury caused by the negligence and wrongful acts and/or omissions of employees of the United States government between September 2005 and February 2009, while acting within the scope of their employment with the United States, Bureau of Prisons, and for which the United States, if a private person, would be liable to the Plaintiff for injuries according to the law of the State of Colorado, where the acts and/or omissions occurred.

2. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1402(b) in that Mr. Chipps, is a citizen of the United States and because

1

the acts complained of herein occurred in Colorado.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. On February 9, 2011, Mr. Chipps timely filed claims arising out of the incidents complained of herein with a representative of the United States, Bureau of Prisons.

4. Six months have passed since the date that claim was served upon the United States, Department of Veterans' Affairs.

## III. PRELIMINARY ALLEGATIONS

5. At all times relevant hereto, the United States of America was, and still is, responsible for the actions of its employees, and/or agents, and/or persons who are agents of the United States, including, but not limited to, the healthcare providers who treated Mr. Chipps at the Federal Correctional Institution – Florence facility in Florence, CO (hereinafter FCI Florence) and the Federal Correctional Institution – Sandstone (hereinafter FCI Sandstone) between September 2005 and February 2009.

6. On September 3, 2005, Mr. Chipps presented to the Health Services Unit at FCI Florence with the complaint of right flank pain, right groin pain and blood in the urine. He was seen by T. Overy, paramedic, employee of FCI Florence. He was given the diagnosis of right kidney stone and given medications. Mr. Overy's note was co-signed by Dr. Siha, M.D., employee of FCI Florence.

7. Mr. Chipps was seen later on September 3, 2005 by T. Saentz, EMT-Paramedic, employee of FCI Florence and was given additional medication. Mr. Saentz' note was also co-signed by Dr. Siha, M.D., employee of FCI Florence.

8. Mr. Chipps was seen again at the Health Services Unit on September 8, 2005 by Susan Bonfiglio, P.A.C., employee of FCI Florence for similar complaints.

9. Mr. Chipps was seen at the Health Service Unit again on September 20, 2005 by Robert King, D.O., medical officer and employee of FCI Florence. Dr. King ordered a urinalysis be sent to the lab.

10. A urine sample taken from Mr. Chipps on October 19, 2005 revealed the continued presence of blood.

11. Between October 19, 2005 and June 4, 2007, Mr. Chipps was seen six times by various health care providers at the Health Unit of FCI Florence.

12. At no time between September 3, 2005 and June 4, 2007 did any healthcare provider perform any testing to determine the cause of the blood in Mr. Chipps's urine.

13. On October 3, 2007, in preparation for a transfer from one prison to another, Susan Bonfiglio, PA-C, an employee of FCI Florence, prepared a Medical Summary of Federal Prisoner/Alien In Transit form. Ms. Bonfiglio left out the history of blood in the urine and the history of the failure to work up the blood in the urine.

14. From October of 2007 through February of 2009, Mr. Chipps was seen by several health care provider employees of the United States at FCI Sandstone in Minnesota. In that time frame no work up was done to determine the cause of blood in Mr. Chipps's urine.

15. On February 9, 2009 Mr. Chipps reported to the Health Unit at FCI Sandstone for inability to void and a recent history of bloody urine. Urinalysis at that time revealed large blood in the urine. He was admitted to Pine Medical Center. CT scanning revealed bilateral kidney masses. He was transferred to the Mayo Clinic.

16. On February 17, 2009, Mr. Chipps underwent removal of his right kidney. Pathology exam revealed a Grade 3, stage pTa, N0, renal cell carcinoma, clear cell type (kidney cancer).

17. On April 10, 2009 Mr. Chipps underwent surgical removal of part of his left kidney for kidney cancer. Pathology revealed grade 2, stage pT1b kidney cancer.

## IV.   CLAIM FOR RELIEF
### (Medical Negligence)

18. The allegations contained in paragraphs 1 through 17, above, are incorporated by reference, as if fully set out herein.

19. Healthcare providers at the FCI Florence and FCI Sandstone had a duty to exercise the same level of knowledge and skill that other healthcare providers practicing in the same fields of medicine would have exercised at the same time under the same or similar circumstances.

20. Healthcare providers at FCI Florence and FCI Sandstone breached that duty by failing to properly work up the cause of the hematuria (blood in the urine) exhibited by Mr. Chipps in September and October of 2005 and to construct medical records in a proper manner.

21. As a direct and proximate result of the breach of those duties, Mr. Chipps has suffered, and will continue to suffer, non-economic injuries, including but not limited to: the development of worsening cancer; the spread of kidney cancer; a reduction in his five year cancer survival rate; the potential in the future of exposing him to otherwise unnecessary radiation therapy and chemotherapy; past, present and future pain and suffering; and, past, present and future severe emotional distress.

22. Additionally, as a direct and proximate result of that breach of duty, Mr. Chipps has suffered, and will continue to suffer, economic injuries, including, but not limited to: past and future wage loss and loss of earning capacity; past and future medical expenses; and, past and future lost household services.

WHEREFORE, Plaintiff prays for: damages as set out above, in an amount to be determined by the trier of fact; interest as provided by law; costs; expert fees; and for such other relief as the Court deems just and proper.

                Respectfully submitted,

                s/ Phil C. Pearson_____
                Phil C. Pearson, M..D., J.D.
                8008 E. Arapahoe Court, Suite 100
                Centennial, CO  80112
                Telephone:  (720) 529-8060
                Fax:  (720) 974-7443
                E-Mail:  pcpmdjd@yahoo.com

                ATTORNEY FOR THE PLAINTIFF

Address of the Plaintiff:
Benjamin Godfrey Chipps, Sr.
5011 N.E. 59th Terrace
Kansas City, MO 64119