IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02484-CMA-BNB

BENJAMIN GODFREY CHIPPS, SR.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

**ORDER**
_____

This matter arises on the **United States' Motion for Leave to Designate Out of Time Non-Parties At Fault** [Doc. # 30, filed 7/19/2013] (the "Motion"). I held a hearing on the Motion this afternoon and made rulings on the record, which are incorporated here.

The Colorado non-party at fault statute requires that the designation be made "within ninety days following commencement of the action unless the court determines that a longer period is necessary." Section 13-21-111.5(3)(b), C.R.S. In Redden v. SCI Colorado Funeral Services, Inc., 38 P.3d 75, 83-84 (Colo. 2001), the state Supreme Court discussed good cause in connection with deciding whether to allow a tardy non-party at fault under section 13-21-111.5, but the discussion of good cause related to tardiness under section 13-20-602(1)(a).

The case was commenced on September 21, 2011. The record does not indicate when service of process was perfected, but the United States did not enter the case until December 30, 2011, by which time the time by which a non-party at fault designation was due already had elapsed. The United States moved to dismiss on January 3, 2012, based on the defense of statute

of limitations.  At the request of the parties, I essentially stayed discovery while that motion was under review.  The motion to dismiss was denied on September 24, 2013; a scheduling conference was held on October 26, 2012; and initial disclosures were made on November 12, 2012, which included the medical records of the treatment by the alleged non-parties at fault.  Thus, the United States had sufficient information to know of the identities of the non-parties at fault and the bases for designation no later than November 12, 2012.  No designation was made until July 19, 2013.  The United States' excuse for not making the designation within 90 days after November 12, 2012, and for five months beyond that, is that it was engaged in good faith settlement negotiations.  In addition, the United States claims to have gained additional information about the claimed non-parties at fault during the plaintiff's deposition in July 2013, but I am not persuaded that the additional deposition testimony was necessary for the United States to know of the non-parties and their alleged malpractice.

In this district, preparation for trial and settlement discussions proceed simultaneously.  The good faith settlement negotiations relied on by the United States to justify its tardy designation does not constitute good cause justifying the delay nor do they make an extension necessary.

IT IS ORDERED that the Motion [Doc. # 30] is DENIED.

Dated August 8, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

2